UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN W. DAVIS,
    Petitioner,

vs.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
    Respondent.

Case No. 1:16-cv-485

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Hocking Correctional Facility in Nelsonville, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). In the petition, petitioner challenges his conviction and sentence in Hamilton County, Ohio, Court of Common Pleas Case No. B061610. (*See id.*). This matter is before the Court on respondent's motion to dismiss (Doc. 10),[1] which petitioner opposes. (*See* Doc. 13). Also pending before the Court is petitioner's unopposed motion for leave to incorporate additional exhibits as attachments to his petition. (Doc. 6). Petitioner's motion (Doc. 6) is **GRANTED** to the extent that the additional exhibits are included as part of the record subject to consideration by the Court in adjudicating respondent's motion to dismiss.

**I. PROCEDURAL HISTORY**

  **A. State Proceedings**

In March 2006, the Hamilton County grand jury returned an indictment in Case No. B061610, charging petitioner with one count of failing, as a sex offender, to provide notice of his

---

[1] Respondent has also separately filed 15 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (Doc. 9).

change of address in violation of Ohio Rev. Code § 2950.05(E)(2). (*See* Doc. 9, Ex. 13). The Ohio Court of Appeals, First Appellate District, has provided the following explanation as to why the charge was brought:[2]

> In 1972, Davis was convicted of rape and sentenced to one to 20 years in prison. Over the next 27 years, he was released on, and then returned to prison for violations of, probation or parole.
>
> In 1997, the General Assembly enacted Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601, providing for the classification of sex offenders and, depending on the classification, requiring the offender to, among other things, register a new address with local law enforcement officials. That year, following a hearing, a court found that Davis was not a sexual predator. But he was, by operation of law, a sexually oriented offender. *See* former R.C. 2950.01(D). Thus, when he was next released from prison, in December 1999, he was required, for a period of ten years, to register any new address. *See* former R.C. 2950.04 to 2950.07.

(*Id.*, Ex. 9, at PAGEID#: 115-16).

It appears from the trial court's docket record that although a warrant issued for petitioner's arrest at the time the indictment was returned, he was not arrested until August 2007. (*See id.*, Ex. 13). On October 25, 2007, following a discovery period, petitioner entered a guilty plea to the indictment's charge. (*See id.*). On the same date, the trial court issued the final judgment entry sentencing petitioner to a two-year prison term with credit for 65 days of time served. (*Id.*; *see also* Doc. 1, Ex. B).

Petitioner did not attempt to appeal his conviction or sentence, nor did he take any other

---

[2] The Ohio Court of Appeals provided the explanation in a decision issued August 21, 2015 affirming the trial court's denial of petitioner's motions filed in 2014 requesting post-conviction relief. (*See* Doc. 9, Ex. 9). To the extent that the state appellate court made factual findings, those findings are presumed correct in the absence of any evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1) ("[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless the petitioner rebuts the presumption by "clear and convincing evidence"); *see also McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

2

action in the case until June 13, 2008, when he filed a motion for jail-time credit with the trial court followed by three letters entered on the trial court's docket on June 25, July 2 and July 11, 2008. (*See* Doc. 9, Ex. 13). The court denied the motion for jail-time credit on September 10, 2008. (*See id.*).

The trial court's docket record reflects that after the September 10, 2008 entry, no further activity occurred in the case until nearly six years later, when petitioner filed a *pro se* pleading entitled "Motion In Arrest Of Judgment" on July 11, 2014, which was followed by a letter entered on the docket on August 7, 2014 and a *pro se* motion to dismiss filed on October 6, 2014. (*See id.*, Exs. 1-2, 13). On November 25, 2014, the trial court denied the "Motion In Arrest Of Judgment" and motion to dismiss without opinion. (*Id.*, Ex. 3).

Petitioner pursued a timely appeal to the Ohio Court of Appeals, First Appellate District, from the trial court's November 25, 2014 entry. (*See id.*, Exs. 6-7). Petitioner asserted the following claim as the sole assignment of error:

> Structural error was created when the State indicted Defendant-Appellant for notice of c[ha]nge of address/registration of new address which by law did not apply since the record clearly reflects that Defendant-Appellant did not have to register as a sexual offender by order of Court of Common Pleas Judge Nadel.

(*Id.*, Ex. 7).[3]

On August 21, 2015, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment as modified to reflect a dismissal as opposed to a denial of

---

[3] It appears from the record that petitioner was referring to an order issued on April 28, 1997 by Judge Nadel of the Hamilton County Court of Common Pleas, when petitioner, who had previously been convicted of a sex offense, was brought before the court "for a Sexual Predator determination" following the enactment of Megan's Law in Ohio. (*See* Doc. 4, Ex. 4). The April 28, 1997 entry provided: "Without a hearing, it is determined that the above named offender is not a sexual predator." (*Id.*).

3

petitioner's motions. (*Id.*, Ex. 9). In so ruling, the court reasoned in pertinent part:

> In his July 2014 "Motion in Arrest of Judgment," Davis sought relief pursuant to R.C. 2947.02(A). But R.C. 2947.03 requires that "[m]otions in arrest of judgment *** be made within three days after the verdict is rendered." And Crim.R. 34 requires that a motion to "arrest judgment *** be made within fourteen days after verdict, or finding of guilt, or after plea of guilty or no contest, or within such further time as the court may fix during the fourteen day period." Thus, Davis's July 2014 motion, filed almost seven years after his 2007 conviction, was untimely....
>
> In his . . . "Motion to Dismiss," Davis did not designate a rule or statute under which the relief sought might be granted. Because the motion was filed after his conviction, was supported by evidence outside the record of the proceedings leading to his conviction, and sought an order vacating his conviction based on an alleged denial of a constitutional right, it was reviewable under R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief. *See* R.C. 2953.21(A)(1) and 2953.21(J). . . . But the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain the motion, because Davis failed to satisfy the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23.
>
> Nor was either motion reviewable under the jurisdiction to correct a void judgment.... Megan's law required Davis, as a sexually oriented offender, to register any address-change, and by failing to satisfy that requirement, he violated former R.C. 2950.05(E)(2). Therefore, his 2007 conviction upon his guilty plea to failing to register his address-change was not void.
>
> Because the common pleas court had no jurisdiction to entertain Davis's motions, the motions were subject to dismissal. *See* R.C. 2953.21(C) and 2953.23 (A). Accordingly, . . . we modify the judgment appealed from to reflect dismissal of the motions. And we affirm the judgment as modified.

(*Id.*, at PAGEID#: 116-17) (Ohio case citations omitted).

Petitioner next pursued a timely appeal to the Ohio Supreme Court. (*Id.*, Exs. 10-11). On December 2, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.*, Ex. 12).

4

## B. Federal Habeas Corpus Petition

The instant petition for federal habeas relief was received by the Court for filing on April 21, 2016. (*See* Doc. 4, p. 1). However, because petitioner is a *pro se* litigant, it is presumed for statute-of-limitations purposes that the filing date of the petition is April 18, 2016, which is the date that petitioner has averred he placed the pleading in the prison mailing system for delivery to the Court. (*See id.*, p. 8).[4]

In the petition, petitioner asserts the following claim as the sole ground for relief:

> **Ground One:** Structural Error was created when state indicted Petitioner for Notice of Change of Address/registration of New Address when record reflects by order of Judge Nadel that Petitioner did not have to register.
>
> **Supporting Facts:** According to the record, a sexual offender hearing was held on April 28, 1997, . . . in which Judge Norman Nadel stated that Defendant-Petitioner is not a sexual offender. The state never appealed Judge Nadel's Court Order. Conflict appears when Judge James D. Henson of Richland County, Ohio tells the Ohio Adult Parole Authority that Indictment 01 CR 342H was dismissed by Prosecutor . . . for the charge of Notice of Change of address/Registration of New Address which was correct since Judge Norman Nadel's court order clearly stated that petitioner did not have to Register as sexual offender. All 88 Counties in Ohio are suppose[d] to be under the same laws.

(*Id.*, p. 4). Petitioner has included as a supporting exhibit a copy of a judgment entry issued on September 23, 2004 by the Richland County Common Pleas Court in Case No. 01-CR-342H. (*See* Doc. 6, at PAGEID#: 56, 58). In that entry, Judge Henson of the Richland County court dismissed "without prejudice" an indictment charging petitioner with the same failure-to-notify offense that was charged in the Hamilton County case challenged herein. (*See id.*). The Richland County case

---

[4] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders*, 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

was dismissed because the prosecuting attorney had filed a motion to dismiss on the stated ground that "[f]urther investigation has revealed that the defendant was not required to register as a sex offender." (*See id.*, at PAGEID#: 55, 57).

Respondent has filed a motion to dismiss petitioner's habeas corpus petition. (Doc. 10). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d). (*See id.*). Petitioner has filed a brief opposing the motion to dismiss. (Doc. 13).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 10) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

6

pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's sole ground for habeas corpus relief. Here, it is clear from the record that § 2244(d)(1)(B) and § 2244(d)(1) (C) are inapplicable because petitioner has neither alleged that he was prevented from filing a timely habeas petition by any state-created impediment to filing, nor asserted a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. In addition, it appears that § 2244(d)(1) (D) is inapplicable and that the one-year statute of limitations set forth in § 2244(d)(1)(A) instead governs petitioner's claim for relief because the factual basis for the claim arose and was discoverable in the exercise of due diligence *before* petitioner entered his guilty plea in October 2007 and certainly by the time his conviction became "final" within the meaning of § 2244(d)(1)(A).[5]

Under § 2244(d)(1)(A), petitioner's conviction was rendered "final" by the conclusion of direct review or expiration of time for seeking such review. In this case, petitioner did not pursue an appeal from the underlying judgment of conviction and sentence entered on October 25, 2007 in Case No. B061610. Therefore, his conviction became final on November 26, 2007, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals. *See* Ohio R. App. P.

---

[5] It is noted that the Richland County Common Pleas Court entered the decision relied on by petitioner as factual support for his claim for relief on September 23, 2004, over three years before petitioner entered his guilty plea in the case challenged herein. (*See* Doc. 6, at PAGEID#: 55-58). Petitioner, therefore, had to have been well aware of the factual predicate of his claim by the time he was brought before the Hamilton County Common Pleas Court in 2007 to answer the charges filed in the instant case.

4(A).[6] The statute of limitations commenced running one day later on November 27, 2007, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired on November 27, 2008 absent application of statutory or equitable tolling principles.

During the one-year limitations period that commenced on November 27, 2007, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar to review. *Id.*

In this case, petitioner did not take any action during the one-year limitations period to challenge his conviction and sentence by way of a petition for state post-conviction relief or other collateral review within the meaning of § 2244(d)(2). Petitioner did file a motion for jail-time credit on June 13, 2008, which was denied on September 10, 2008. (*See* Doc. 9, Ex. 13). Even assuming, solely for the sake of argument, that the motion qualified as an application for state post-conviction relief or other collateral review under § 2244(d)(2), the statute of limitations would have only been tolled for 119 days while the matter was pending in the state courts from June 13,

---

[6] The deadline date for filing a timely appeal was actually November 24, 2007. However, because that day fell on a Saturday, the undersigned has assumed in petitioner's favor that the 30-day appeal period was extended to include the next business day of Monday, November 26, 2007.

2008 (the date of filing of the motion) through October 10, 2008 (the date the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's entry denying the motion).[7] Even under that scenario, the limitations period would have ended on March 25, 2009. Petitioner did not pursue any further relief in the state courts until July 11, 2014, over five years after the statute of limitations had run its course, when he filed his "Motion In Arrest Of Judgment" with the trial court. (*See id.*, Exs. 1, 13). Because the limitations period had ended years earlier, neither that motion nor petitioner's subsequent motion to dismiss, which was filed on October 6, 2014 with the trial court, could serve under § 2244(d)(2) to toll the expired statute's running. *See Vroman,* 346 F.3d at 602.

The AEDPA statute of limitations is subject to equitable tolling, *see Holland,* 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland,* 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-

---

[7] *Cf. Holbrook v. Curtin,* 833 F.3d 612, 615-18 (6th Cir. 2016) (holding that the term "pending" for statutory tolling purposes includes the time in which the petitioner could have pursued a further appeal from the denial of post-conviction relief in the state courts); *see also Harper v. Warden, Belmont Corr. Inst.,* No. 2:14cv1220, 2015 WL 3867262, at *8 & n.3 (S.D. Ohio June 23, 2015) (Report & Recommendation) (and numerous cases cited therein) (taking into account for statutory tolling purposes the 45-day period in which the petitioner could have sought leave to appeal a state post-conviction ruling to the Ohio Supreme Court), *adopted,* 2015 WL 4538566 (S.D. Ohio July 27, 2015), *appeal filed,* No. 15-3958 (6th Cir. Sept. 2, 2015).

factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations in this case. Petitioner generally contends that he has been diligent and could not pursue relief any earlier because he "diligently sought" but was unable to obtain the documents from the Richland County case that are relied on as support for his claim for relief until 2013. (*See* Doc. 13, at PAGEID#: 160-61). However, petitioner has not explained why it was necessary to obtain those documents before he could file any pleading challenging his conviction either in the state courts or in a federal habeas corpus petition. In any event, given the number of years that elapsed after petitioner entered his guilty plea before he took any action to challenge the validity of his conviction, petitioner's unsupported, conclusory argument begs credulity and is simply insufficient to establish, under the high standard required to justify application of equitable tolling principles, either his "reasonable diligence" or the existence of an "extraordinary circumstance" that prevented him from filing a timely habeas petition. Furthermore, to the extent that petitioner may argue that he is entitled to equitable tolling due to his *pro se* status or lack of legal knowledge or access to legal materials, it is well-settled in the Sixth Circuit that those arguments are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial

transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Finally, no showing has been made that the procedural bar to review should be excused based on a colorable showing of actual innocence. *See McQuiggin v. Perkins*, _ U.S. _, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).

Petitioner has contended that he "was/is completely innocent" of the criminal charge in Case No. B061610 because pursuant to Judge Nadel's April 1997 order following the enactment of Megan's Law in Ohio, and in accordance with the dismissal order issued in 2004 in the Richland County case involving the same failure-to-notify charge, he is not a sex offender who was required

to provide notification or registration of a new address under Ohio Rev. Code § 2950.05(E)(2). (*See* Doc. 13, at 160-61). In this case, however, the Ohio Court of Appeals expressly rejected petitioner's contention in its decision affirming the trial court's judgment, as modified, denying petitioner's 2014 motions for post-conviction relief. Specifically, the Ohio appellate court found that although Judge Nadel determined that petitioner was not a sexual predator in the April 1997 order that issued following the enactment of Megan's Law in Ohio, petitioner "was by operation of law, a sexually oriented offender," who was required after his release from prison in December 1999 "for a period of ten years, to register any new address." (*See* Doc. 9, Ex. 9, at PAGEID#: 115-16). Moreover, in rejecting the argument that petitioner's untimely post-conviction motions were "reviewable under the jurisdiction to correct a void judgment," the Ohio Court of Appeals reiterated that "Megan's law required [petitioner], as a sexually oriented offender, to register any address-change, and by failing to satisfy that requirement, he violated former R.C. 2950.02(E)(2)." (*Id.*, at PAGEID#: 117).

It is conceded that the Ohio Court of Appeals' decision may have conflicted with the trial court's 2004 dismissal of a similar case brought against petitioner in Richland County. However, because "the state courts are final authority on state-law issues," this federal habeas Court must defer to and is bound by the Ohio Court of Appeals' determination in this case that, as a matter of Ohio law, petitioner was a "sexually oriented offender" who was required to register changes in his address. *See Bennett v. Warden, Lebanon Corr. Inst.*, 782 F. Supp.2d 466, 478 (S.D. Ohio 2011) (and cases cited therein); *cf. Jones v. Woods*, 635 F. App'x 254, 257 (6th Cir. 2015) (citing *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005)) (in affirming the district court's denial of a habeas petition based on a claim that the petitioner's trial counsel was ineffective for failing to request a

self-defense jury instruction, the Sixth Circuit emphasized that "[w]e are bound by the [state] Court of Appeals' determination that [the petitioner] was not entitled to the instruction under state law"); *Meyers v. Ohio*, No. 1:14cv1505, 2016 WL 922633, at *7 (N.D. Ohio Jan. 21, 2016) (Report & Recommendation) (citing *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988)) ("federal habeas courts are bound by decisions of intermediate state courts on questions of state law unless convinced that the state's highest court would decide the issue differently"), *adopted*, 2016 WL 916602 (N.D. Ohio Mar. 9, 2016).

Indeed, the Ohio Court of Appeals' decision comports with the Ohio Supreme Court's ruling in *State v. Hayden*, 773 N.E.2d 502, 505 (Ohio 2002), that a conviction for a "sexually oriented offense" under Ohio Rev. Code § 2950.01 "automatically confer[s] on [the defendant] the status of a sexually oriented offender," who is subject to the notification and registration requirements set forth in Ohio Rev. Code Chapter 2950. Numerous intermediate appellate courts have similarly recognized, as the Ohio Court of Appeals determined in this case, that the defendant's classification as a "sexually oriented offender" for notification and registration purposes under Ohio law does *not* arise "by the judgment of a trial court," but instead "arises by operation of law," which occurs automatically when one is convicted of a sexually oriented offense. *See, e.g., State v. Moyers*, 738 N.E.2d 90, 92 (Ohio Ct. App. 2000) (and numerous Ohio appellate court cases cited therein). Here, it is undisputed that petitioner was convicted in 1972 of rape, which qualifies as a "sexually oriented offense." The Ohio Court of Appeals essentially concluded in accordance with *Hayden* and the numerous other Ohio appellate courts that petitioner's rape conviction automatically conferred on petitioner the status of a "sexually oriented offender" given Judge Nadel's determination that petitioner did not fall within the category of

offenders classified as "sexual predators." In the absence of any showing that the Ohio Supreme Court would have decided the state-law issue differently, petitioner has not demonstrated a credible claim of actual innocence.

Accordingly, in sum, the undersigned concludes that the petitioner's petition for federal habeas corpus relief is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). The statute of limitations commenced running in this case on November 27, 2007, one day after petitioner's October 25, 2007 conviction and sentence in Case No. B061610 was rendered "final" under § 2244(d)(1)(A) by the expiration of time for pursuing a timely appeal to the Ohio Court of Appeals. The statute expired one year later on November 27, 2008 in the absence of statutory or equitable tolling of the limitations period.[8] The instant petition filed in April 2016, over seven years after the statute had run its course, is time-barred. Therefore, respondent's motion to dismiss (Doc. 10) should be **GRANTED**, and petitioner's habeas corpus petition (Doc. 4) be **DISMISSED** with prejudice.

### IT IS THEREFORE ORDERED THAT:

Petitioner's unopposed motion for leave to incorporate additional exhibits as attachments to his petition (Doc. 6) is **GRANTED** to the extent that the additional exhibits are included as part of the record subject to consideration by the Court in adjudicating respondent's motion to dismiss.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and petitioner's *pro se*

---

[8] As discussed *infra* pp. 8-9, even assuming, solely for the sake of argument, that the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) during the pendency of petitioner's June 13, 2008 motion for jail-time credit in the state courts, the limitations period would have ended on March 25, 2009, over seven years before the commencement of the instant action.

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED** with prejudice on the ground that it is time-barred.

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is procedurally barred from review on statute-of-limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[9]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/9/16

Karen L. Litkovitz
United States Magistrate Judge

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his procedurally-barred ground for relief. *See Slack,* 529 U.S. at 484. However, it is noted that for the reasons discussed *infra* pp. 11-14, it also appears that petitioner has failed to allege a viable claim in this case.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN W. DAVIS,                       Case No. 1:16-cv-485
    Petitioner,

                                        Dlott, J.
vs.                                        Litkovitz, M.J.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
    Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc